**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                 )
      v.                   )        ID No. 89000046DI
                                 )
MICHAEL FELICIANO,        )
                                 )
      Defendant.         )
                                 )

Date Submitted: February 20, 2024
Date Decided: March 27, 2024

## <u>ORDER</u>

Upon consideration of Defendant Michael Feliciano's ("Feliciano") Motion for Postconviction Relief ("Rule 61 Motion"),[1] Superior Court Criminal Rule 61,[2] statutory and decisional law, and the record in this case, **IT APPEARS THAT**:

(1)    On September 5, 1989, Feliciano pled guilty to one count Unlawful Sexual Intercourse Second Degree.[3] That same day, Feliciano was sentenced to a mandatory life sentence.[4]

(2)    Feliciano did not file a direct appeal. On July 11, 2013, Feliciano filed a *pro se* motion for postconviction relief[5] and counsel was appointed to represent

---

[1] D.I. 42, D.I. 43.
[2] Super Crim. Ct. R. 61.
[3] D.I. 7.
[4] D.I. 9.
[5] D.I. 14.

him.[6] Postconviction counsel filed a motion to withdraw on August 4, 2014.[7] The Court granted postconviction counsel's motion to withdraw and denied Feliciano's first motion for postconviction relief on July 30, 2015.[8]

(3) On March 5, 2018, Feliciano filed his second *pro se* motion for postconviction relief,[9] which was denied on August 17, 2018.[10]

(4) On February 8, 2024, Feliciano filed the instant *pro se* Rule 61 Motion, stating that (1) his sentence should be reevaluated in light of amendments made to 11 *Del. C.* §§ 777 and 777A; (2) his mental health and competency should have been considered as mitigating factors in his sentencing; (3) his Rule 61 Motion should be considered under the version of Rule 61 that was in effect at the time of his sentencing which included an "in the interest of justice" exception; and (4) that he received ineffective assistance of counsel in his postconviction proceedings.[11] He also asks the Court to appoint postconviction counsel.[12]

(5) Superior Court Criminal Rule 61 governs motions for postconviction relief.[13] Before addressing the merits of any claim for postconviction relief, the

---

[6] D.I. 13.
[7] D.I. 24.
[8] D.I. 30.
[9] D.I. 34.
[10] D.I. 40.
[11] D.I. 42, D.I. 43.
[12] *Id.*
[13] Super. Ct. Crim. R. 61.

Court must first evaluate the procedural bars in Rule 61(i).[14]

(6)    Rule 61(i)(1) provides that a motion for postconviction relief is untimely if it is filed more than one year after a judgment of conviction is final.[15] Rule 61(i)(2) bars the consideration of successive motions.[16] Pursuant to Rule 61(i)(3) and (4), any ground for relief not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.[17] A movant can only overcome the procedural bars if he "satisfies the pleading requirements [in Rule 61(d)(2)(i) or (d)(2)(ii)]."[18] Under Rule 61(d)(2), a successive motion shall be summarily dismissed unless the movant was *convicted after a trial* and the motion meets either of the two pleading requirements set forth in Rule 61(d)(2)(i) or (d)(2)(ii).[19]

(7)    "The Court is required to apply the current version of the rule and

---

[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[15] Super. Ct. Crim. R. 61(i)(1).
[16] *Id.* at 61(i)(2).
[17] *See* Super. Ct. Crim. R. 61(i)(3),(4) and (d)(2)(i), (ii).
[18] *Id.* at 61(i)(5).
[19] *Id.* at 61(d)(2) (emphasis added). To overcome the bar against successive motions, in addition to the requirement that a movant was convicted after a trial, the motion must either:
> (i) plead[] with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) plead[] with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

*Id*.

cannot . . . apply a prior version of Rule 61 to circumvent the procedural requirements."[20]

(8)    Feliciano's Rule 61 Motion grounds (1), (2), and (3), are procedurally barred. First, Feliciano was sentenced on September 5, 1989, so the Rule 61 Motion is untimely.[21] Second this is Feliciano's *third* Rule 61 Motion, so it is barred as successive.[22] Third, Feliciano took a plea and is therefore not entitled to the exceptions permitted under Rule 61(d)(2).[23] Therefore, Feliciano's Rule 61 Motion is untimely, successive, and does not fall under any of the exceptions presented under Rule 61(d)(2).

(9)    Feliciano also attempts to bring IAC claims against his postconviction counsel as ground (4) in his Rule 61 Motion.[24] However, the Court previously granted postconviction counsel's motion to withdraw after finding there was no merit to any of Feliciano's postconviction claims.[25] Therefore, Feliciano's IAC claims are unfounded.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Michael Feliciano's Motion for Postconviction Relief is **SUMMARILY DISMISSED** and his Request for Appointment of Counsel is **DENIED AS MOOT.**

---

[20] *State v. Stanley*, 2023 WL 4531968, at *2 (Del. Super. July 3, 2023).
[21] D.I. 7; Super. Ct. Crim. R. 61.
[22] D.I. 24.
[23] Super. Ct. Crim. R. 61(d)(2); *See Stanley*, 2023 WL 4531968, at *2.
[24] D.I. 42, 43.
[25] D.I. 30.

4

**IT IS SO ORDERED.**

/s/ Jan R. Jurden

Jan R. Jurden, President Judge

Original to Prothonotary:

cc:    Abigail Rodgers, Esquire
       Michael A. Feliciano (SBI #00226109)